RECEIVED
2018 JUN 28 AM 9:28
CLERK U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
KANSAS CITY MISSOURI
JACKSON COUNTY

| | |
|---|---|
| DONALD K. ALEXANDER, ) | Case number: 4:18-cv-00498-HFS |
|    PLAINTIFF, ET, AL ) | |
| VS. ) | **Jury Trial Requested** |
| COCHLEAR LIMITED, and COCHLEAR ) | |
| AMERICAS, ) | |
|    DEFENDANTS. ) | |

**CLAIM FOR DAMAGES PURSUANT TO AN UNLAWFUL PRACTICE IN THE FORM OF FALSE ADVERTISING AND CONSUMER FRAUD PROSCRIBED BY RSMO 407.020 (1) AND (3) [COUNT ONE]; AND BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE SET FORTH IN RSMO 400.2-315; AND THE UNIFORM COMMERCIAL CODE SECTION 2-314 [COUNT TWO]**

Comes now Plaintiff Donald K. Alexander (hereinafter "Mr. Alexander") and in support of the above captioned complaint states to the Court:

1.    This is an action to recover damages inflicted upon Mr. Alexander by Defendants pursuant to false advertising, consumer fraud, and breach of implied warranty of fitness

for a particular purpose in connection with a sound distorting cochlear implant known to Defendants to be totally incapable of transmitting coded undistorted sound waves involving extremely common high and medium high frequency sound waves via a Cochlear Americas *cochlear implant;* and further that said Cochlear Americas *implant* produces profoundly distorted sound involving telephone, TV, radio, musical recordings, and live music sound transmissions to the ear or ears implanted with said Cochlear Americas *cochlear implant.* Such profound sound distortion which is inherent in the design and manufacturing technology utilized by Defendants was carefully hidden by Defendants from Mr. Alexander until he had undergone surgical implanting with Cochlear Americas *said cochlear implant; pursuant to which* Cochlear Americas issued port-surgery information to Mr. Alexander that the sound distortion affects primarily high and medium sound frequencies common to many individual human voices and to TV, radio, telephone, sound recordings, musical recordings and live music; and that the distortion of such sound waves might possibly clear up during a time window scanning one to three years or more, and by a series of "additionally billed" corrective and computerized programming sessions and by reading aloud from recommended reading texts to "train the brain." Consequently, Mr. Alexander has suffered unnecessary actual and compensatory financial damages including physical pain and suffering via said original surgical implanting because the sound distortion is inherent in the Cochlear Americas *cochlear implant technology* and can only be corrected by removal surgery involving multiple surgical risks during re-implanting with a *competitive* cochlear implant electronic device utilizing technology more advanced than Cochlear Americas' design and manufacturing technology. State tort statutes provide for actual, compensatory and punitive damages plus court costs and reasonable attorneys' fees in connection with physical and financial injuries inflicted pursuant to criminal behavior by Defendants such as consumer fraud and false advertising.

Page 2 of 11 pages

Case 4:18-cv-00498-HFS   Document 1   Filed 06/28/18   Page 2 of 11

2. At all times and dates referred to herein pertaining to Mr. Alexander's injuries and financial damages inflicted upon Mr. Alexander by Defendants, Mr. Alexander was a Missouri Citizen residing in Jackson County, Missouri at 820 East Langsford Road, Apartment 203, Lee's Summit, Missouri 64063, (816) 600-5203, [donalexander557 @gmail.com]. The damages inflicted upon Mr. Alexander and described herein were first suffered in Kansas City, Missouri and continue to be suffered at Mr. Alexander's residence.

3. During the specific times and dates referred to herein pertaining to the criminal acts which resulted in said damages inflicted upon Mr. Alexander proscribed by RSMO 407.020 (1) and (3), plus RSMO 400.2-315, Defendant Cochlear Americas was headquartered at 13059 East Peakview Avenue, Centennial, Colorado, 80111, telephone (303) 790-9010, and Mr. Christopher M. Smith was President of the corporation. Mr. Alexander was implanted with said cochlear device at Saint Luke's Health System doing business as Saint Luke's Hospital and was located at 4320 Wornell Road, Suite 512, Kansas City, Missouri, 64111, telephone (816) 932- 8663; and Jani Johnson was Chief Executive Officer. Midwest Ear Institute was part of Saint Luke's Health System and was located within Saint Luke's Hospital's facilities located at 4320 Wornell Road, Kansas City, Missouri. Cochlear Limited [*the parent company for Cochlear Americas*] was headquartered at 1 University Avenue, Macquarie University North Ryde, NSW, 2109, Australia and Chris Smith was listed as Chief Executive Officer (apparently Christopher M. Smith who was also President of *Cochlear Americas)*.

4. JURISDICTION AND VENUE STATEMENT

Saint Luke's Hospital where Mr. Alexander was implanted with Cochlear Americas' *cochlear implant* is located in Jackson County, Missouri. Mr. Alexander resides in

Jackson County, Missouri which is within the jurisdiction of the United States District Court for the Western District of Missouri, sitting in Kansas City, Missouri. Because Defendant Cochlear Americas is located in Colorado, and because Defendant Cochlear Limited is located in Australia, this suit is brought pursuant to diversity jurisdiction as provided by 28 U.S.C. Section 1332 and the amount in controversy is well in excess of $75,000.00. Therefore, the U.S. District Court sitting in Kansas City, Missouri has jurisdiction over Defendants Cochlear Limited and Cochlear Americas as well as Mr. Alexander.

5. Facts of this civil suit pertaining to both count one and count two:

Cochlear Americas Corporation via interstate commerce markets implantable cochlear devices manufactured by parent corporation (*Cochlear Limited, headquartered in Australia*). The device is implanted by a surgical incision behind the implanted ear, laying the scalp back, surgically creating a nest over a small hole in the skull through which electronics are threaded into the cochlea; closing the scalp flap and the surgical incisions, suturing the incision behind the ear; and a sound processor which hangs behind the implanted ear transmits electronically coded sound waves to the implanted ear cochlea and auditory nerve. The sound processor has a round magnet which matches up with a magnet in the scalp nest to facilitate the coded sound wave transmissions to the implant electrodes. Cochlear Americas Corporation **does not** in marketing brochures nor during pre-surgery sales pitch nor on their websites caution potential recipients of said implants that sound distortion is a potential problem with the implants regardless of implant programming and fine tuning scheduled over a calendar quarter or more. The distortion problem is hidden by Cochlear Americas from potential recipients of Cochlear Americas' *cochlear implant*. Only *after surgical implanting* does the recipient *discover* the profound sound distortion defect and *only then* is informed by the attending

audiologist that the distortion will *perhaps* eventually clear up pursuant to programming corrections and reading aloud from written selections recommended by the audiologist to *"train the brain."* Midwest Ear Institute which is a part of Saint Luke's Health System (where Plaintiff was implanted with the Cochlear America's said implant) is aware of the distortion problem but does not warn recipients of Cochlear Americas' cochlear implant until after the device has been surgically implanted. Victim Alexander had zero knowledge of any of the foregoing fraudulent and illegal business practices on the part of Cochlear Limited and Cochlear Americas until after being implanted as described herein on December 30, 2015 and the *surfacing of the distortion defect.*

6. Victim Alexander was implanted with said Cochlear Americas cochlear device (Cochlear Nucleus C1522 implant serviced by either Nucleus CP910 or CP920 Sound Processor, and either Nucleus CR210 or CR230 Remote Control) at Midwest Ear Institute, an operating division of Saint Luke's Health System in Kansas City, Missouri on December 30, 2015 followed by a half dozen or so programming and fine tuning session conducted by Midwest Ear Institute audiologist Morgan C. Nelson. Midwest Ear Institute is located at 4320 Wornell Road, Suite 420, Kansas City, Missouri 64111. The surgeon who implanted the device is Dr. Joseph Ursick. Victim Alexander was personally billed approximately $85,000.00 for the cochlear implant and accessories including surgical, nursing and hospital medical expenses; plus additional billings for post surgery programming sessions. Victim Alexander is going to have the sound distorting Cochlear Americas' *cochlear implant* removed and undergo <u>another implanting surgery</u> involving *a competitive cochlear implant* which utilizes a more modern and technologically superior design and manufacturing process thereby being subjected to more pain and suffering, more risks of surgical complications, infection, and emotional trauma plus surgical, hospital, nursing and implant hardware expenses.

7. Victim Alexander pursuant to said implanting of said Cochlear Americas' *cochlear implant* has suffered permanent numbness of his left ear rim in addition to said sound wave distortion which is now permanent and renders said cochlear implant device no more effective than a fifty dollar sound distorted amplifier.

8. But for the above detailed fraudulent marketing and false advertising, Victim Alexander would *never have agreed* to said implanting and therefore *would not* have undergone unnecessary surgical pain and suffering connected with said cochlear implanting nor the permanent numbness of his left ear rim nor the surgical and hospital and cochlear device financial expenses, nor surgical removal risks, nor the inability to hear by telephone or to hear electronically generated sounds such as TV, radio, and sound recordings.

9. Mr. Alexander, having been knowingly, intentionally, and willfully on December 30, 2015 implanted with a Cochlear Americas sound distorting *cochlear implant* known to Defendants (but concealed from Mr. Alexander by Defendants) to be sound distorting has suffered actual monetary damages in the minimum amount of $85,000.00 plus substantial physical damages. Mr. Alexander's said financial and physical damages are the *direct and proximate result of the criminal behavior* (false advertising and consumer fraud) on the part of Defendants as set forth above. But for said criminal acts on the part of Defendants, Mr. Alexander *would not* have been implanted with said sound distorting *cochlear implant* and thus *would not* have suffered the above described financial and physical damages.

10. The Missouri statutory law pertaining to Mr. Alexander's claim which Mr. Alexander relies upon states:

Deceptive trade practices in the state are dealt under Chapter 407 and 570 of the Missouri Statutes. Chapter 407 deals with 'merchandising practices' and 570 with 'stealing and related offences.' *Section 407.020 makes false advertisements an unlawful practice and persons who willfully engage in such acts will be guilty of a Class D felony. Pursuant to RSMo Section 407.025, any individual consumer, who has suffered loss or damage, may bring an action against another person for use or employment of deceptive practices prohibited in the Chapter. In such actions, the Court may award punitive damages and proper equitable relief. The prevailing party may be awarded attorney fees.*

Unlawful practices, penalty

*1. The act, use or employment by any person of any deception, fraud, false pretense, false promise, <u>misrepresentation</u>, <u>unfair practice</u> or the <u>concealment, suppression</u>, or <u>omission</u> of any <u>material fact in connection with the sale or advertisement</u> of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in RSMo Section 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or <u>commerce</u> or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in or from the state of Missouri or the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, <u>is declared to be an unlawful practice.</u> Any act, use or employment declared unlawful by this subsection violates this subsection <u>whether committed before, during or after the sale, advertisement or solicitation.</u>*

*3. Any person who <u>willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony.</u>*

Page 7 of 11 pages

Case 4:18-cv-00498-HFS   Document 1   Filed 06/28/18   Page 7 of 11

## § 407.025 R.S.Mo.

Civil action to recover damages

1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

False advertising § 407.020 (1) and (3) R.S.Mo.

1. *A person <u>commits the crime of false advertising</u> if, in connection with the promotion of the sale of, or to increase the consumption of, property or services, he recklessly makes or causes to be made a false or misleading statement in any advertisement addressed to the public or to a substantial number of persons.*

2. False advertising is a class A misdemeanor.

**WHEREFORE**, Mr. Alexander respectfully prays this Honorable Court to enter judgment against Defendants jointly and severally; and for an award of actual damages in the amount of $85,000.00 (eighty-five thousand dollars) plus costs of suit, and reasonable attorneys' fees as authorized by RSMo 407.025 and the Constitution of Missouri, Article 1, Section 32 (4). Plaintiff Alexander further prays this Honorable Court for an award of compensatory damages in the amount of $750,000.00 (seven hundred and fifty thousand dollars) to compensate Mr. Alexander for the above detailed

physical, emotional and future financial damages. In addition, because said criminal violation of RSMo 407.020 (1) and (3) on the part of Cochlear Americas as described herein was knowing, intentional, and reckless, Plaintiff further prays this Honorable Court for an award of punitive damages to Mr. Alexander in proportion to Defendant Cochlear America's wealth and in sufficient amount to dissuade others similarly situated from like conduct; and for such other and further relief as the Court deems just and proper.

11. COUNT TWO: PRODUCT LIABILITY IN TANDEM WITH BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER SECTION 2-314 OF *THE UNIFORM COMMERCIAL CODE and RSMo Section 400.2-315*

Plaintiff Alexander hereby incorporates into this Count two each and every statement contained in the above headings, sentences and paragraphs within count one thereby making such narrative a necessary part of this Count Two. Missouri law relevant to count two is:

*Implied warranty--fitness for particular purpose. RSMo Section 400.2-315. Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 400.2-316 an implied warranty that the goods shall be fit for such purpose.*

12. It is well established Missouri law and the civil law history of the *Uniform Commercial Code* case law that manufacturers and suppliers of products marketed via Interstate Commerce to Missouri citizens and the citizens of other states are required to

stand behind implied warranties of fitness for a particular purpose and most certainly to reimburse said citizens for products which breach said implied warranty and especially as pertaining to fraudulent medical devices. *But for reliance upon such well established Missouri law,* Plaintiff Alexander *would never have agreed* to purchase said Cochlear Limited and Cochlear Americas' *cochlear implant* nor have his head and ear surgically altered during said implanting procedures. *It is also well established statutory and case law in every state that manufacturers and suppliers of fraudulent medical devices are required to reimburse United States citizens for physical and emotional damages inflicted upon them by fraudulent medical devices.*

13. Should this Honorable Court and/or the jury *not find* Defendants guilty under count one as detailed above, Plaintiff Alexander, in the alternative, prays this Honorable Court for an award of actual damages under this count two in the amount of eighty-five thousand dollars ($85,000.00) and for compensatory damages in the amount of seven hundred and fifty thousand dollars ($750,000.00).

**WHEREFORE,** in view of the allegations stated herein and all of the foregoing facts supporting said allegations, Plaintiff Alexander prays this Honorable Court for judgment against Defendants, jointly and severally under this count two, and for an award of actual damages in the amount of eighty-five thousand dollars ($85,000.00) and for compensatory damages in the amount of seven hundred and fifty thousand dollars ($750,000.00); and for such further and additional relief as this Honorable Court shall deem just and proper.

Respectfully submitted,

/s/ Donald K. Alexander, Plaintiff

Donald K. Alexander, Plaintiff
820 East Langsford Road, Apartment 203
Lee's Summit, Missouri  64063-2960
(816) 600-5203
donalexander557@gmail.com